# UNITED STATES DISTRICT COURT for the Middle District of Florida
## Fort Myers Division

| | |
|---|---|
| **KEVIN J. HOLM,** | ) |
| **Plaintiff,** | ) Case No._____ |
| -v- | ) |
| **UNITED STATES OF AMERICA,** | ) Jury Trial: No |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, KEVIN J. HOLM, by and through his undersigned counsel, and sues the Defendant, UNITED STATES OF AMERICA, for the actions of the United States Postal Service, and alleges:

### *PARTIES, JURISDICTION AND VENUE*

1. This is an action for negligence with damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

2. Plaintiff, KEVIN J. HOLM, is a resident of Collier County, Florida, and thus a resident within the Middle District of Florida.

3. The United States Postal Service is an agent of the UNITED STATES OF AMERICA.

4. The claims here are brought against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et. seq.) and 28 U.S.C.

§1346(b)(1) for money damages as compensation for personal injuries that were caused by the negligence of an employee of the United States Government while acting within the course and scope of his official duties.

5. This Federal District Court has jurisdiction pursuant to 28 U.S.C. §1346(b)(1) in that it involves a claim for personal injury caused by the negligent or wrongful act or omission of an agent, servant and/or employee of the United States of America while acting within the course and scope of his/her employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff under its laws of the State of Florida where the act of omission occurred. [28 U.S.C. §1346(b)(1)].

6. Venue is proper as all acts and omissions forming the basis of these claims occurred in the Middle District of Florida and arose from the negligence of an employee of the United States Government, and more fully described below.

7. This lawsuit has been timely filed and all conditions precedent and prerequisites to filing suit have been met pursuant to 28 U.S.C. §2675. A copy of the Claim for Damage, Injury or Death (Form SF 95) is attached as Exhibit "A" to this Complaint.

8. At all times material, Plaintiff, KEVIN J. HOLM, would be entitled to pursue these claims under the laws of the State of Florida.

***GENERAL FACTS***

9. At all times material, Matthew P. Stoltz, delivered mail to residents of Collier County Florida and was an agent, servant and/or employee of the Defendant,

UNITED STATES OF AMERICA, through its agency, the United States Postal Service. Matthew P. Stoltz was at all times acting within the course and scope of such employment.

10. On August 1, 2020, the mail carrier, Matthew P. Stoltz, was traveling southbound on Covey Circle and was attempting to drop off mail at or near the intersection of Covey Circle and Court Lane in Naples, Collier County, Florida.

11. Plaintiff, KEVIN J. HOLM, was backing out of the driveway of his residence located at 4259 Covey Circle, north of his mailbox, when the mail truck driven by Matthew P. Stoltz drove around him and attempted to back up and struck the front center bumper of the vehicle operated by Plaintiff, KEVIN J. HOLM, causing the Plaintiff, KEVIN J. HOLM, to suffer significant injuries to his neck, back and head.

## COUNT I – NEGLIGENCE

12. Plaintiff, KEVIN J. HOLM, hereby adopts and incorporates by reference the allegations contained in paragraphs 1 through 11 above.

13. On or about August 1, 2020, Defendant, UNITED STATES OF AMERICA, owned a U.S.P.S. motor vehicle that was operated with consent by its agent, servant and/or employee while in the course and scope of his official duties at or near the intersection of Covey Circle and Court Lane in Naples, Collier County, Florida.

14. Defendant, UNITED STATES OF AMERICA, through its through its agent, servant and/or employee, Matthew P. Stoltz, owed a duty to the public and

specifically to the Plaintiff, KEVIN J. HOLM, to operate said motor vehicle in a reasonable, safe and non-negligent manner.

15. Notwithstanding at that time and place, Defendant's agent, servant and/or employee, breached said duty of care and negligently operated or maintained the U.S.P.S. motor vehicle in one or more of the following ways:

    a. Failed to maintain a proper look-out;

    b. Failed to timely and properly apply the vehicle's brakes;

    c. Drove carelessly and/or recklessly;

    d. Failed to avoid colliding into and striking the Plaintiff's motor vehicle;

    e. Failed to yield the right-of-way;

    f. Failed to obey a traffic signal or sign; and/or

    g. Otherwise, was distracted and/or not using reasonable care in operating the vehicle.

16. As a direct and proximate cause of the aforementioned act(s) of negligence of Defendant, UNITED STATES OF AMERICA, the Plaintiff, KEVIN J. HOLM, has sustained the following damages, any, some or all of which are permanent and/or continuing in nature:

    a. Bodily injury;

    b. Pain and suffering;

    c. Disability;

    d. Physical impairment;

    e. Disfigurement and scarring;

    f.  Mental anguish;

    g.  Inconvenience;

    h.  Loss of capacity for the enjoyment of life;

    i.  Aggravation of a pre-existing condition;

    j.  Activation of a latent condition;

    k.  Medical bills and expenses;

    l.  Loss of earnings; and

    m. Loss of earning capacity.

**WHEREFORE**, Plaintiff KEVIN J. HOLM demands judgment against Defendant, UNITED STATES OF AMERICA, for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and any other such relief as this Court deems just and proper.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11 by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing case la; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing: July 13, 2022

/s/ *Isabel D. Barroso, Esq.*

ISABEL DIAZ BARROSO, ESQ.

FBN: 0083366

Morgan & Morgan

12800 University Drive, Suite 600

Fort Myers, FL 33907

Phone: (239) 433-6880

Attorneys for Plaintiff

E-Mail:
idiazbarroso@forthepeople.com