UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN J. HOLM,

    Plaintiff,

v.     Case No:  2:22-cv-424-JES-NPM

UNITED STATES OF AMERICA,

    Defendant.

## OPINION & ORDER

This matter comes before the Court on defendant's Daubert Motion (Doc. #31) filed on September 26, 2023 and plaintiff's Response in Opposition (Doc. #34) filed on November 1, 2023.

The Motion refers to itself as "premature . . . given the record" and hints that it was filed simply to comply with the Court's Case Management and Scheduling Order. (Doc. #31, p. 2.) In the Motion's 3.01(g) certification, the parties assured the Court they conferred prior to filing the Motion and that "[w]hile the parties disagree on the ultimate outcome of the Motion, they were able to agree on nonopposition [sic] for deferring the issue to trial—if the Court is inclined to do so . . . ." (Id. at p. 20.)

In Daubert motions, the courts exercise a gatekeeping function and that "gatekeeping function's core use is to keep junk science away from the jury." United States v. Ware, 69 F.4th 830, 847 (11th Cir. 2023). In bench trials such as this,

"[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005). As a result, this Court has stated that "[w]here a trial judge conducts a bench trial, the judge need not conduct a Daubert (or Rule 702) analysis before presentation of the evidence," Metro. Life Ins. Co. v. Liebowitz, No. 2:20-CV-276-JES-MRM, 2021 WL 4244210, at *3 (M.D. Fla. Sept. 17, 2021), and has denied similar motions without prejudice, leaving objections to testimony to be better dealt at the bench trial. See Casequin v. CAT 5 Contracting, Inc., No. 2:18-CV-588-JES-MRM, 2022 WL 409273, at *2 (M.D. Fla. Feb. 10, 2022).[1] This case merits no differential treatment. The Motion will be denied without prejudice and any objections to testimony will be ruled on at the bench trial.

Accordingly, it is hereby

**ORDERED:**

---

[1] Importantly, the Eleventh Circuit has recognized district courts are afforded great flexibility and deference in Daubert determinations, especially in how they "manage their dockets and counsels' time to provide the most efficient and just resolution of the issues." Ware, 69 F.4th at 846. So too has the court said that no categorical rule or caselaw prevents contested Daubert evidence from being presented before a ruling on its admissibility. United States v. Esformes, 60 F.4th 621, 636 (11th Cir. 2023), cert. denied, No. 23-95, 2023 WL 8531890 (U.S. Dec. 11, 2023).

Defendant's Daubert Motion (Doc. #31) is **DENIED without prejudice.**

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of January, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record